**Raul Antonio GAMEZ–GUILLEN, a.k.a. Raul Antonio Gamez Gutierrez, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–73071.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 2010.*

Filed Jan. 20, 2010.

Wayne Spindler, Tarzana, CA, for Petitioner.

James A. Hurley, Julie M. Iversen, Trial, Mark Christopher Walters, Esquire, Assistant Director, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

MEMORANDUM **

Raul Antonio Gamez–Guillen, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withhold-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. The court reviews de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir.2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir.2004). We review factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir.2006). We deny in part and dismiss in part the petition for review.

We reject Gamez–Guillen's claim that he is eligible for asylum and withholding of removal based on his membership in a particular social group, namely, persons who are targeted as informants against gangs. *See Soriano v. Holder*, 569 F.3d 1162, 1166 (9th Cir.2009) (rejecting as particular social group "government informants"). Accordingly, because Gamez–Guillen failed to demonstrate he fears persecution on account of a protected ground, his asylum and withholding of removal claims fail. *See id.* at 1166–67.

Gamez–Guillen's contention that the agency denied his CAT claim based on the wrong standard of proof is not supported by the record.

We lack jurisdiction to review Gamez–Guillen's due process contentions because he did not exhaust these claims before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004). We also dismiss the petition for review as to Gamez–Guillen's application for Temporary Protected Status because he failed to raise any challenge to the denial of his application to the BIA. *See id.*

PETITION FOR REVIEW DENIED in part; DISMISSED in part.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.